```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GEORGE MARTINEZ

                            Plaintiff,
                                                    Case No. 16 CV 3763
        -against-

VIVID MECHANICAL LLC                                **ANSWER TO COMPLAINT**


                            Defendant.
------------------------------------------------------------x
```

Defendant, VIVID MECHANICAL LLC, ("Defendant"), by its attorneys, Gordon & Rees, LLP, as and for its answer to the complaint filed by GEORGE MARTINEZ ("Plaintiff"), respectfully alleges as follows:

## ANSWERING "PRELIMINARY STATEMENT"

1. Defendant denies the allegations set forth in paragraph "1" of the Complaint.

## ANSWERING "JURISDICTION AND VENUE"

2. Defendant denies the allegations set forth in paragraph "2" of the Complaint, except admits that Plaintiffs purport to set forth the basis for this Court's jurisdiction, and respectfully refers all matters of law to the Court.

3. Defendant denies the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiffs purport to set forth the basis for this Court's jurisdiction, and respectfully refers all matters of law to the Court.

4. Defendant denies the allegations set forth in paragraph "4" of the Complaint, except admits that Plaintiffs purport to set forth the basis for this Court's venue, and respectfully refers all matters of law to the Court.

## ANSWERING "TRIAL BY JURY"

5. The allegation contained in paragraph "5" of the Complaint does not require a response from Defendant.

## ANSWERING "PARTIES"

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendant admits the allegations set forth in paragraph "7" of the Complaint.

## ANSWERING "STATEMENT OF FACTS"

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Defendant denies the allegations set forth in paragraph "9" of the Complaint.

10. Defendant denies the allegations set forth in paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in paragraph "12" of the Complaint.

13. Defendant denies the allegations set forth in paragraph "13" of the Complaint.

14. Defendant denies the allegations set forth in paragraph "14" of the Complaint.

15. Defendant denies the allegations set forth in paragraph "15" of the Complaint.

16. Defendant denies the allegations set forth in paragraph "16" of the Complaint.

17. Defendant denies the allegations set forth in paragraph "17" of the Complaint.

18. Defendant denies the allegations set forth in paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in paragraph "20" of the Complaint, except admits that Plaintiff's rate of pay was increased in December 2014.

21. Defendant denies the allegations set forth in paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in paragraph "23" of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in paragraph "30" of the Complaint.

31. Defendant denies the allegations set forth in paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in paragraph "32" of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

**ANSWERING "FIRST CAUSE OF ACTION Hostile Work Environment Based on Race in Violation of Section 1981"**

34. In response to paragraph "34" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "33" as if fully restated herein.

35. The allegations contained in paragraph "35" of the Complaint state legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in paragraph "36" of the Complaint.

37. Defendant denies the allegations set forth in paragraph "37" of the Complaint.

38. Defendant denies the allegations set forth in paragraph "38" of the Complaint.

### ANSWERING "SECOND CAUSE OF ACTION Discrimination Based on Race in Violation of Section 1981"

39. In response to paragraph "39" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "38" as if fully restated herein

40. The allegations contained in paragraph "40" of the Complaint state legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph "40" of the Complaint.

41. Defendant denies the allegations set forth in paragraph "41" of the Complaint.

42. Defendant denies the allegations set forth in paragraph "42" of the Complaint.

43. Defendant denies the allegations set forth in paragraph "43" of the Complaint.

### ANSWERING "THIRD CAUSE OF ACTION Retaliation in Violation of Section 1981"

44. In response to paragraph "44" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "43" as if fully restated herein

45. The allegations contained in paragraph "45" of the Complaint state legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph "45" of the Complaint.

46. Defendant denies the allegations set forth in paragraph "46" of the Complaint.

47. Defendant denies the allegations set forth in paragraph "47" of the Complaint.

48. Defendant denies the allegations set forth in paragraph "48" of the Complaint.

49. Defendant denies the allegations set forth in paragraph "49" of the Complaint.

### ANSWERING "FOURTH CAUSE OF ACTION Hostile Work Environment Based on Race and National Origin in Violation of NYCHRL"

50. In response to paragraph "50" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "49" as if fully restated herein

51. The allegations contained in paragraph "51" of the Complaint state legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph "51" of the Complaint.

52. Defendant denies the allegations set forth in paragraph "52" of the Complaint.

53. Defendant denies the allegations set forth in paragraph "53" of the Complaint.

54. Defendant denies the allegations set forth in paragraph "54" of the Complaint.

55. Defendant denies the allegations set forth in paragraph "55" of the Complaint.

**ANSWERING "FIFTH CAUSE OF ACTION Discrimination Based on Race and National Origin in Violation of the NYCHRL"**

56. In response to paragraph "56" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "55" as if fully restated herein

57. The allegations contained in paragraph "57" of the Complaint state legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph "57" of the Complaint.

58. Defendant denies the allegations set forth in paragraph "58" of the Complaint.

59. Defendant denies the allegations set forth in paragraph "59" of the Complaint.

60. Defendant denies the allegations set forth in paragraph "60" of the Complaint.

**ANSWERING "SIXTH CAUSE OF ACTION Retaliation Based on Complaint of Race and National Origin Discrimination in Violation of the NYCHRL"**

61. In response to paragraph "61" of the Complaint, Defendant repeats and reaffirms each and every response made in paragraphs "1" through "60" as if fully restated herein

62. The allegations contained in paragraph "62" of the Complaint state legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph "62" of the Complaint.

63. Defendant denies the allegations set forth in paragraph "63" of the Complaint.

64. Defendant denies the allegations set forth in paragraph "64" of the Complaint.

65. Defendant denies the allegations set forth in paragraph "65" of the Complaint.

66. Defendant denies the allegations set forth in paragraph "66" of the Complaint.

## ANSWERING THE "WHEREFORE" PARAGRAPHS

The "WHEREFORE" paragraphs immediately following paragraph "67" of the Complaint state requests for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any and all decisions affecting Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

### THIRD AFFIRMATIVE DEFENSE

Defendant has conducted its practices in good faith and in accordance with all applicable statutes and regulations with regard to Plaintiff. Defendant has not acted in bad faith or willfully or otherwise violated Plaintiff's rights in any manner or acted maliciously with respect to any aspect of the events underlying the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction with respect to some of Plaintiff's alleged claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff may be barred or limited from recovering damages based on his failure to mitigate said damages.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's injuries are due, in whole or in part, to the actions of third-parties over whom this Defendant has no control.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant denies the applicability of punitive damage theories under the facts of this litigation and, in any event, deny they are so liable under said theories.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Defendant denies that any of their actions were willful, wanton, malicious or reckless.

## ELEVENTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant conducted itself in full compliance with all applicable contracts as well as federal, state and local laws, statutes, ordinances and regulations, which compliance bars Plaintiff from asserting the claims herein.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs, under federal law, the New York State Human Rights Law, and the New York City Human Rights Law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Costs alleged to be incurred in the future may not be recovered as they are remote, speculative, contingent and incapable of calculation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations and damages must be discounted to the extent his pleadings and claims seek duplicative damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant maintained, enforced, and widely disseminated strong policies and procedures against discrimination, harassment and retaliation of any kind. Plaintiff unreasonably failed to avail himself of the preventative or remedial measures or the procedures for reporting discrimination, retaliation and harassment under the Defendant's employment policies, or to otherwise avoid their alleged harm.

## NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by virtue of the equitable defense of the doctrine of laches.

## TWENTIETH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's injuries are due, in whole or in part, to his own actions.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff may be barred or limited from recovering damages based upon the doctrine of after-acquired evidence.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Defendant acted promptly and appropriately under the circumstances to prevent, investigate and remediate the alleged situation.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Defendants did not subject Plaintiff to a hostile work environment.

Defendant reserves the right to offer additional defenses, which cannot now be articulated due to Plaintiff's failure to particularize his claims. Upon further particularization of the claims by Plaintiff, or upon further discovery concerning the alleged claims at issue herein, or upon discovery of further information concerning Defendant's defenses, Defendant reserves the right to assert additional defenses.

**WHEREFORE,** Defendant Vivid Mechanical LLC, demands judgment dismissing Plaintiff's Complaint against them, together with attorneys' fees, costs, and disbursements of this action, and any other relief the Court deems appropriate.

Dated: New York, New York
December 9, 2016

Respectfully submitted,

GORDON & REES, LLP

By: ___/s/ Brian P. FitzGerald___
Misty Marris, Esq.
Brian P. FitzGerald, Esq.
GORDON & REES, LLP
1 Battery Park Plaza, 28th Floor
New York, New York 10004
(212) 269-5500
Attorneys for Defendant
Vivid Mechanical LLC